# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DIANE BLOW, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:11-cv-00293-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Sued as Michael J. Astrue, Commissioner | ) |
| of Social Security,[1] | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Diane Blow brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On August 6, 2012, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 29).

Blow's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $9,148.25 for his representation of Blow in federal court. (DE 38). The Commissioner has not filed a response to the motion, and its time to do so has now passed. For the following reasons, Shull's motion for attorney fees will be GRANTED, subject to an offset and an adjustment explained herein.

### *A. Factual and Procedural Background*

On August 25, 2011, Shull entered into a contingent fee agreement with Blow for his

---

[1] Although Plaintiff brought this suit against Michael J. Astrue, the former Commissioner of Social Security, Carolyn W. Colvin became the Acting Commissioner on February 14, 2013. As such, under Federal Rule of Civil Procedure 25(d), Colvin is automatically substituted as a party in place of Astrue.

representation of her in federal court.[2] (DE 39-4). The agreement provided that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [her] family and [her] in the event [her] case is won." (DE 39-4).

On August 25, 2011, Blow filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (DE 1). On August 6, 2012, Blow received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings.[3] (DE 29 to 30).

On November 2, 2012, Blow filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 23.35 hours that Shull spent advocating her claim in federal court. (DE 31). The Court granted Blow an EAJA fee award of $4,249.70. (DE 37).

In December 2013, the Commissioner sent a notice of award to Blow, stating that she was entitled to monthly disability benefits beginning October 2007, and that she would receive a check for $34,176.00 for past-due benefits from October 2007 through November 2013. (DE 39-1 at 1). The notice further explained that the Commissioner had withheld $11,392.00 from Blow's past-due benefits to pay her attorneys, and that any remainder after doing so would be sent to her.[4] (DE 39-1 at 1). Thus, the actual amount of Blow's past-due benefits was $45,568.00.

On June 9, 2015, the Commissioner sent a letter to Shull stating that it had been

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] On remand, Attorney Ann Tryznka represented Blow at the administrative level. (DE 39 at 2).

[4] In November 2014, the Commissioner paid Attorney Tryznka $2,240.75 in fees under § 406(a) for her representation of Blow at the administrative level. (DE 39 at 2 ns.1, 2; DE 39-2).

2

withholding $9,148.25—the balance of 25% of the past-due benefits payable to Blow—since November 2013 (the "close-out notice"). (DE 39-3). The close-out notice indicates that it had previously notified Shull that a request for fees must be submitted to the Court, that the Commissioner does not wish to delay the release of funds withheld from Blow's benefits, and that Shull had 20 days from the date of the letter to file a petition for approval of a fee or seek an extension of time. (DE 39-3).

On June 26, 2015—18 months after Blow received her disability benefits award—Shull filed the instant motion, seeking the Court's approval of a payment of $9,148.25 in attorney fees from Blow pursuant to the contingent fee agreement and § 406(b). (DE 38 to 40). As stated earlier, the Commissioner has opted not to file a response to Blow's request for fees.

### *B. Legal Standard*

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 794. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[5] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

---

[5] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[6] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted).

### C. Discussion

The Court is charged with determining whether Shull's requested fee of $9,148.25 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Blow's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In that regard, the Commissioner's notice of award dated December 2013 reflects that it

---

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. § 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

withheld $11,392.00, which was 25% of Blow's past-due benefits. (DE 39-1 at 1). In turn, the June 2015 close-out notice states that the Commissioner is still withholding $9,148.25, indicating that amount is the balance of 25% of Blow's past-due benefits. (DE 39-3). Based on the Commissioner's notice, it is evident that the withheld amount that Shull requests, $9,148.25, does not exceed 25% of Blow's past-due benefits.

Shull contends that an award of $9,148.25 is reasonable when considering the 23.35 hours he spent representing Blow in federal court, the contingent nature of the fee, and the good result he achieved for her. Indeed, "there is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)).

Furthermore, Shull did obtain a good result for Blow and undoubtedly provided her with quality representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (DE 40 (describing in detail Shull's professional experience in the area of social security law)).

Moreover, the requested fee of $9,148.25 divided by the 23.35 hours Shull spent on the case in federal court, equates to an effective rate of $391.79 per hour. This rate is within the

range of effective rates in previous awards in the Fort Wayne Division.[7] *See, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4-5 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3-4 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour). Accordingly, Shull's requested fee award under § 406(b) will be authorized by this Court, but will incorporate an offset for the $4,249.70 in EAJA fees that Shull already recovered, reducing the fee award to $4,898.55. *Gisbrecht*, 535 U.S. at 796; (DE 39 at 11 (acknowledging that his § 406(b) award should be offset by the EAJA award of $4,249.70)).

As an additional matter, Shull's fee request was filed 18 months after Blow was awarded benefits, and thus, the Court observes that there is a timeliness issue as to his fee request. *See Richardson v. Astrue*, No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed."). The Seventh Circuit Court of Appeals has stated that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987); *see, e.g.*, *Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *2 (N.D. Ind. July 11, 2011) (finding a two-year interval between attorney's receipt of a notice of award and his filing of a § 406(b) request to be *per se* unreasonable).

Recently in *Vanbuskirk v. Colvin*, this Court, over the Commissioner's objection, granted

---

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), certain aspects of a lodestar approach remain in the calculus. 535 U.S. at 802, 808. As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[C]ourts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

Shull's fee request that was filed two years after the benefit award, cautioning him that "in the future the undersigned Magistrate may not be persuaded by [his] reliance on the receipt of a close-out letter to show timeliness of a § 406(b) petition." No. 1:10-cv-360, 2015 WL 3439228, at *4 (N.D. Ind. May 28, 2015). The Court found it significant that there was no sum remaining after the fee award, and thus, that the delay had no effect on the plaintiff; that is, *Vanbuskirk* was not a case where "money rightfully due the plaintiff" had been "needlessly withheld for an excessive amount of time."[8] *Cox*, 2011 WL 2692910, at *2; *see Garland*, 492 F. Supp. 2d at 222 ("In deciding whether the instant application is timely, the court also considers the effect of the delay on plaintiff.").

Here, however, there is a sum remaining after the fee award, and thus, the delay *has* prejudiced Blow. *See, e.g.*, *Scharlatt v. Astrue*, No. C 04-4724, 2008 WL 5000531, at *6 (N.D. Cal. Nov. 21, 2008) (reducing the amount of the § 406(b) award where the attorney's 18-month delay deprived plaintiff of the timely receipt of an additional amount of past-due benefits). That is, Shull's delay has deprived Blow of the timely receipt of the additional amount of $4,249.70 withheld from her past-due benefits. *See id*. The Court finds that Blow should not be prejudiced by Shull's delay. *See id*.

Accordingly, the Court will order that Shull's award of $4,898.55 "be reduced to account for the prejudice that resulted to [Blow] because of his delay." *Id*. More particularly, the Commissioner will be directed to deduct an amount equal to the interest on the remaining $4,249.70 owed to Blow, as calculated pursuant to the statutory interest rate, beginning March

---

[8] "Given that the Commissioner withheld 25 percent of plaintiff's benefits pending the disposition of any attorneys' fee application, the delay by plaintiff's attorney in seeking an award of fees has direct relevance to plaintiff." *Garland v. Astrue*, 492 F. Supp. 2d 216, 222 (E.D.N.Y. 2007). A plaintiff "will receive any sum remaining after the fee award is deducted, so he has an economic stake in the outcome of this proceeding." *Id*.

25, 2014, which is 90 days after the date of Blow's benefits award, through June 26, 2015, the day Shull filed the instant motion for attorney fees, and add it to the $4,249.70 owed to Blow. *See id.*

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 38) is GRANTED, except that his requested fee of $9,148.25 is reduced to $4,898.55 to offset Shull's prior award of EAJA fees in the amount of $4,249.70. The Commissioner is further ORDERED to deduct from Shull's award of $4,898.55 an amount equal to the interest on the remaining $4,249.70 owed to Blow, as calculated pursuant to the statutory interest rate, beginning March 25, 2014, through June 26, 2015, and add it to the $4,249.70 owed to Blow.

SO ORDERED.

Enter for this 28th day of July 2015.

s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge